# Case No. 22-60060

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: HEARTWISE, INC.,
*Debtor.*

---

VITAMINS ONLINE, INC.,
*Appellant,*

v.

MAGLEBY, CATAXINOS & GREENWOOD, P.C.;
HEARTWISE, INC.,
*Appellees.*

---

On Appeal from
The United States Bankruptcy Appellate Panel of the Ninth Circuit,
BAP Case No. CC-22-1089-LSG,
Hon. Scott H. Gan, Hon. William J. Lafferty, III, and Hon. Gary A. Spraker;
United States Bankruptcy Court for the Central District of California, Santa Ana,
Bankruptcy Case No. 8:20-bk-13335-SC, Hon. Scott C. Clarkson,
(Formerly Case No. 8:20-bk-13335-MW, Hon. Mark S. Wallace, retired).

---

**OMNIBUS REPLY TO APPELLEES' OPPOSITIONS TO
APPELLANT'S MOTION PURSUANT TO CIRCUIT RULE 3-6(a)(1)
FOR AN ORDER VACATING APPEALED ORDERS
ISSUED WITHOUT JURISDICTION**

---

Douglas A. Plazak (Cal. Bar No. 181709)
REID & HELLYER
3685 Main Street, Suite 300
Riverside, CA 92501
Phone: (951) 682-1771
Fax: (951) 686-2415
Email: dplazak@rhlaw.com

Chad E. Nydegger
WORKMAN NYDEGGER PC
60 E. South Temple, Suite 1000,
Salt Lake City, UT 84111
Phone: (801) 533-9800
Fax: (801) 328-1707
Email: cnydegger@wnlaw.com

*Counsel for Petitioner Vitamins Online, Inc.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES......................................................................................2

SUMMARY OF REPLY............................................................................................4

REPLY ARGUMENT.................................................................................................6

I. As a Threshold Matter, the Heartwise Response and its Exhibit 1 Must Be Stricken................................................................................6

II. The Responses Make Key Concessions............................................7

III. Arguments Irrelevant to the Determination of Subject-Matter Jurisdiction of the Proceeding Should Be Disregarded ..................8

IV. Events After May 29, 2021, Cannot Confer Jurisdiction on the Proceeding............................................................................10

V. The Core Versus Non-core Determination is Irrelevant to Ascertaining Subject-Matter Jurisdiction of the Proceeding ........11

VI. The Stipulation Was At The Heart of the Jurisdictional Issue of the Proceeding ...........................................................................13

CONCLUSION ........................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997)................6

*Moore v. Petsmart, Inc.*, No. 16-16124, at *4 (9th Cir. Mar. 29, 2018) ...................7

*Civil Rights Educ. & Enforcement Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017) ........................................................................................................10

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) .........10, 11

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 n.4 (1992) ........................................10

*Stern v. Marshall*, 564 U.S. 462, 480 (2011) .........................................................12

*Kona Enterprises, Inc. v. Estate of Bishop ex rel. Peters*, 229 F.3d 877, 884 (9th Cir. 2000)................................................................................................................13

*Bankr. Receivables Mgmt. v. Lopez (In re Lopez)*, 274 B.R. 854, 862 (9th Cir. BAP 2002)................................................................................................................13

*In re Resorts Intern., Inc.*, 372 F.3d 154, 161 (3d Cir. 2004) .................................14

**Statutes**

28 U.S.C. § 1334(b)........................................................................................4, 9, 12

FRAP 27(d)(2)(C) ......................................................................................................5

FRCP 11(a)................................................................................................................6

FRAP 27(d)(2)(A) .....................................................................................................6

FRBP 9011(a)............................................................................................................6

11 U.S.C. § 502 ...................................................................................................8, 12

28 U.S.C. § 157 ................................................................................................11, 14

11 U.S.C. § 502(b) ...................................................................................................12

11 U.S.C. § 157(b)(1), (c)(1) ....................................................................................12

11 U.S.C. § 157(c)(1)…………………………………………………………….…12

28 U.S.C. § 157(b)(2)(B) .........................................................................................12

11 U.S.C. § 157(b)(2)(B)…...………………………………………………….…...12

**Other Authorities**

Circuit Rule 3-6(A)(1) ...............................................................................................6

## OMNIBUS REPLY

Appellant VOL[1] hereby submits this reply (the "Reply") in support of its *Motion Pursuant to Circuit Rule 3-6(a)(1) For An Order Vacating Appealed Orders Issued Without Jurisdiction* [Case No. 22-60060, Dkt. No. 15] (the "Motion"). The Reply addresses MCG's opposition [Dkt. No. 16] ("MCG Response") and Heartwise's opposition [Dkt. No. 17] ("Heartwise Response," together with MCG Response, the "Responses") to the Motion.

**SUMMARY OF REPLY**

In its Motion, VOL raised exactly *one Issue*: "Did the District Court, and by reference the Bankruptcy Court, have jurisdiction of the Proceeding under 28 U.S.C. § 1334(b)?" (the "Issue") [Motion, p. 10.] The Issue pertains to exactly *one Proceeding* below, the MCG Objection, and nothing else. Unable to demonstrate that the Bankruptcy Court had jurisdiction over that Proceeding, appellees' Responses create a strawman and then attack it using red herring arguments in an attempt to distract and obfuscate. Specifically, the Responses first misstate the Issue to create a "strawman issue" pertaining to *two* proceedings, *i.e.*, MCG's Objection and VOL's objection,[2] and avoid addressing the actual Issue raised via

---

[1] Unless stated otherwise, the capitalized terms referenced herein have the same meaning ascribed to them in the Motion.

[2] Bankr-Dkt. No. 525.

4

the Motion. This attempt to intertwine a different proceeding with the challenged Proceeding is untenable because the proceeding commenced by VOL's objection—filed by a different ***party***, at a later ***time***, invoking different ***statutes***, and seeking different ***relief***—has no bearing on whether the lower court had jurisdiction over the ***MCG Objection*** at the time of ***its*** filing. Appellees' Responses obscure the Issue by conflating the proceedings and then argue that the Bankruptcy Court had jurisdiction of the "matters," "claims," and "objections"—in the ***plural***—using arguments that misrepresent the record itself.[3]

The Responses' resolute refusal to squarely address the only dispositive Issue presented by the Motion—the subject-matter jurisdiction of the Proceeding—underscores the fact that the Bankruptcy Court had no jurisdiction over the MCG Objection. Appellees' desperate attempts to piggyback the Proceeding on to VOL's objection to Claim 5, over which the lower court ***did*** have jurisdiction, must fail. Because appellees make no attempt to answer the ***actual*** Issue, the conclusion remains ***uncontroverted*** that the Bankruptcy Court lacked jurisdiction. The law is clear: for the Bankruptcy Court to have jurisdiction over the Proceeding, it must be at least "related to" the ***Bankruptcy Case*** such that the ***outcome*** of the Proceeding

---

[3] FRAP 27(d)(2)(C) provides only 2,600 words for this Reply, which is insufficient to point out the ***numerous*** misrepresentations of the record in the Responses. Therefore, VOL addresses only arguments necessary for the Court to determine the Issue.

has an effect on the bankruptcy *estate*. The Responses make no attempt to demonstrate that the Proceeding passes this test. Appellees' irrelevant arguments attempting to obscure the Issue should be disregarded in their entirety, and the Motion granted.

## REPLY ARGUMENT

### I. As a Threshold Matter, the Heartwise Response and its Exhibit 1 Must Be Stricken

The Heartwise Response exceeds the 5,200 words limit and, therefore, is not compliant with FRAP 27(d)(2)(A). This is not a mere oversight because Heartwise engaged in the same gamesmanship of filing an overlength brief at the BAP. [Declaration of Chad E. Nydegger in Support of Appellant's Reply in Support of Its Motion Pursuant to Circuit Rule 3-6(A)(1) ("Nydegger Declaration"), paras. 8-11.] Heartwise then filed a supposedly corrected brief which falsely certified that it was compliant, when in fact it was still overlength when the footnotes were included in the word count as required. [*Id.*] Heartwise's litigation misconduct has been a persistent problem for years. [*See, e.g.,* Motion, Ex. G, pg. 43-44.] Therefore, this time, the Court should disregard the Heartwise Response in its entirety. *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997).

Further, Exhibit 1 attached to the Heartwise Response violates FRCP 11(a), incorporated by FRBP 9011(a), which provides: "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to

6

the attention of the attorney or party." VOL called the deficient pleading to Heartwise's attention on April 8, 2022, but Heartwise did not file a corrected signed pleading. [Nydegger Decl., paras. 12-14.] Therefore, Ex. 1 must be stricken. Courts have no discretion to let such pleadings remain on the docket. *Moore v. Petsmart, Inc.*, No. 16-16124, at *4 (9th Cir. Mar. 29, 2018) ("...courts **must strike** an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.") (original emphasis).

## II. The Responses Make Key Concessions

In their Responses, appellees either concede or make no attempt to rebut the follow key contentions:

- Jurisdiction over the Proceeding must be ascertained as of May 29, 2021.

- Events occurring after May 29, 2021, cannot confer jurisdiction over the Proceeding.

- MCG had the burden of establishing that the Bankruptcy Court **had** jurisdiction over the Proceeding.

- The Bankruptcy Court was required to assume it **lacked** jurisdiction of the Proceeding, but it did not.

- The Bankruptcy Court, BAP, and even this Court, must determine the existence of federal jurisdiction solely by the examination of the MCG Objection without regard to the defendant's pleadings.

- Jurisdiction over the Proceeding must be assessed from the substance of the allegations (facts about the Letter), the claim (that VOL "effectively assigns" is collection rights), and the relief sought (a declaratory order redirecting payment from VOL to MCG). Through silence, the Responses concede these points.

- The Objection does *not* invoke 11 U.S.C. § 502, and does *not* seek disallowance of VOL's Claim 3.

- If the *outcome* of the Proceeding has no effect over the bankruptcy estate, then the Bankruptcy Court had no jurisdiction.

### III. Arguments Irrelevant to the Determination of Subject-Matter Jurisdiction of the Proceeding Should Be Disregarded

Instead of attempting to rebut the foregoing contentions, the Responses provide irrelevant red herring arguments that should be entirely disregarded. Appellees ignore the substance of MCG's pleading (*i.e.*, the allegations, the claim, and the relief sought), and make conclusory arguments that pretend the Objection sought disallowance of Claim 3 based on its caption. The Responses address a strawman issue created by intertwining the jurisdiction of the Proceeding with the jurisdiction of the separate proceeding commenced by VOL's filing of its objection on November 8, 2021, five months after the time for which jurisdiction of the Objection must be established, *i.e.*, May 29, 2021.

- VOL's Motion: "Did the District Court, and by reference the Bankruptcy Court, have jurisdiction of the Proceeding under 28 U.S.C. § 1334(b)?"

- MCG Response: "VOL seeks summary disposition based solely on its allegation that the lower courts lacked subject matter jurisdiction over the claim objection**s** at issue." [pg. 5.]

- Heartwise Response: "The Motion erroneously asserts that the Bankruptcy Court, and subsequently the Bankruptcy Appellate Panel ("BAP"), lacked jurisdiction to address objection**s** to competing claim**s** (collectively, "Claim Objection**s**") against a fund established for the payment of such claim**s** pursuant to the Reorganized Debtor's confirmed chapter 11 plan ("Plan")." [pg. 1]

Notably, the Responses address the "objection**s**" and "claim**s**" in the plural. This mischaracterizes the Motion that raised the *one* Issue about the *one* Proceeding commenced by the *one* Objection filed by MCG. Appellees argue jurisdiction exists over multiple proceedings *collectively*, which makes it impossible to figure out whether *any* of their arguments actually address the Issue of jurisdiction of the one Proceeding. Therefore, the Court should disregard them.

What is missing in the Responses is deafening by its silence. Specifically, the Responses provide zero analysis to demonstrate that the *outcome* of the Proceeding has any *effect* on the bankruptcy *estate*.

9

## IV. Events After May 29, 2021, Cannot Confer Jurisdiction on the Proceeding

The facts recited by the appellees, and relied upon in their Responses, almost entirely pertain to procedural events occurring after May 29, 2021. These should be disregarded. Moreover, appellees do not state the relevance of these subsequent events to the Issue of whether the Bankruptcy Court had jurisdiction of the subject matter of the Proceeding as of May 29, 2021. The hard-to-follow listing of various events is a red herring, and the Court should not be distracted by the same.

"It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.' This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (internal citation omitted). "[T]he proper focus in determining jurisdiction are the ***facts existing at the time the complaint under consideration*** was filed." *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017) (citation omitted) (emphasis added). "The existence of federal jurisdiction ordinarily depends on the facts ***as they exist when the complaint is filed***. It cannot be that, by later participating in the suit, the [litigants] retroactively created . . . jurisdiction that did not exist at the outset." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 n.4 (1992) (cleaned up) (original emphasis). But this is precisely what the appellees argue.

10

Events that occurred post filing of the Objection cannot retrospectively confer jurisdiction over the Proceeding. So grave is this jurisdictional requirement that the Supreme Court dismissed an action for lack of subject-matter jurisdiction as the "only option" where the action began without diversity jurisdiction but was cured postfiling. The Supreme Court ruled: "A party's postfiling change in citizenship cannot cure a lack of subject-matter jurisdiction that existed at the time of filing in a diversity action. This Court has long adhered to the rule that subject-matter jurisdiction in diversity cases depends on the state of ***facts that existed at the time of filing***. . . . ***Dismissal*** for lack of subject-matter jurisdiction is the ***only option*** available here." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567 (2004) (internal citation omitted) (emphasis added). Here, appellees argue that events after May 29, 2021, conferred jurisdiction on the Proceeding. The law is clear that they do not, and there are no exceptions to the remedy—dismissal of the Proceeding.

### V. The Core Versus Non-core Determination is Irrelevant to Ascertaining Subject-Matter Jurisdiction of the Proceeding

The appellees devote significant portions of their Responses arguing whether the Proceeding was core or non-core under 28 U.S.C. § 157. But that determination is irrelevant. "Section 157 allocates the ***authority*** to enter final judgment between the bankruptcy court and the district court. *See* §§ 157(b)(1), (c)(1). That allocation

11

does not implicate questions of subject matter *jurisdiction*." *Stern v. Marshall*, 564 U.S. 462, 480 (2011) (emphasis added).

The *only* Issue here is whether the District Court had *jurisdiction* over the Proceeding under 28 U.S.C. §§ 1334(b). The Responses cite the statutory framework for claim objections which provide that objections to claims are "core" proceedings, and that bankruptcy courts have jurisdiction to hear and determine such proceedings. Then, they concluded the Proceeding was "core" because it was a claim objection. The determination warranted here is whether the *substance* of the Objection renders it to be the kind of proceeding described as a claim objection under the statute. It does not, and appellees have no response to this outcome-determinative point.

Tellingly, the critical statute MCG left out of its recitation of the statutory framework is 11 U.S.C. § 502, entitled "Allowance of claims or interests," that actually governs claim objections in a bankruptcy case. An objection challenging the *allowance* of a claim pursuant to 11 U.S.C. § 502(b) is a "core" proceeding under 28 U.S.C. § 157(b)(2)(B), and seeks to *disallow* a claim against the estate, at least to some "extent." Here, however, the Objection did not invoke 11 U.S.C. § 502(b), and expressly stated that MCG did *not* object to the validity, amount, or allowance of VOL's Claim 3 against the estate, and did not object "to the Debtor's plan to pay Vitamins' claim in full." [Exhibit G, pg. 3:12-13.] Thus, the Objection

12

was a claim objection only in form (because of the pleading's caption). In substance, it was a Proceeding between two non-debtors raising a dispute about a contract to which the debtor was not a party, and the resolution of which will not impact the estate.

The lower courts are to judge the Objection based on its substance and not on its form. *See Bankr. Receivables Mgmt. v. Lopez (In re Lopez)*, 274 B.R. 854, 862 (9th Cir. BAP 2002) ("A pleading is to be judged by its substance rather than by its form or label." (cleaned up), *aff'd*, 345 F.3d 701 (9th Cir. 2003)). "The focus of this analysis is thus on the 'substance' of the action, 'rather than [on] the formal language employed or the form of the pleadings.'" *Kona Enterprises, Inc. v. Estate of Bishop ex rel. Peters*, 229 F.3d 877, 884 (9th Cir. 2000). "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." *Id.*

## VI. The Stipulation Was At The Heart of the Jurisdictional Issue of the Proceeding

MCG characterized VOL's stipulation as "entirely irrelevant to the singular jurisdictional issue raised by the Motion." [MCG Response, pg. 8.] However, MCG's rejection of the stipulation was at the **heart** of the jurisdictional issue because the Constitution limits federal jurisdiction to justiciable "cases" and "controversies" U.S. Const. art. III, § 2, cl. 1, and had MCG agreed to the Stipulation, there would have been no controversy between VOL and MCG, and

13

MCG would have received 100% of what it claimed it was owed without judicial intervention.

### VII. The Confirmation Order and the Confirmed Plan Cannot Confer Jurisdiction on the Proceeding

In Section V, MCG argues that the confirmation order somehow confers jurisdiction over the Proceeding. MCG is wrong.

> Retention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. But neither the bankruptcy court nor the parties can write their own jurisdictional ticket. Subject matter jurisdiction "cannot be conferred by consent" of the parties. Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it by agreement even in a plan of reorganization. Similarly, if a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating it has jurisdiction in a confirmation or other order. A retention of jurisdiction provision within a confirmed plan does not grant a bankruptcy court jurisdiction. Bankruptcy courts can only act in proceedings within their jurisdiction. If there is no jurisdiction under 28 U.S.C. § 1334 or 28 U.S.C. § 157, retention of jurisdiction provisions in a plan of reorganization or trust agreement are fundamentally irrelevant.

*In re Resorts Intern., Inc.*, 372 F.3d 154, 161 (3d Cir. 2004) (internal citations omitted); *Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 663-64 (1st Cir. 2017).

### CONCLUSION

The Motion provided a "Statement of *Undisputed* Facts," and requested relief based upon the application of those facts to well-settled law and clearly binding precedents. Neither MCG nor Heartwise disputes the facts that VOL relied

14

upon. Their red-herring arguments attacking a strawman should be disregarded, and lack merit. Appellees failed in their one and only task, *i.e.*, their Responses make ***no*** showing that the ***outcome*** of the Proceeding has an effect on the bankruptcy ***estate***. Now therefore, having clearly demonstrated its entitlement to the relief it seeks as a matter of law, VOL respectfully requests that the Court grant the Motion, and provide any other relief it deems just and appropriate.

Respectfully submitted,

Dated: April 6, 2023

_____

Douglas A. Plazak

Chad E. Nydegger

*Attorneys for Vitamins Online. Inc.*