# Case No. 22-60060

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

In re: HEARTWISE, INC.,

*Debtor.*

---

VITAMINS ONLINE, INC.,

*Appellant,*

v.

MAGLEBY, CATAXINOS & GREENWOOD, P.C.; HEARTWISE, INC.,

*Appellees.*

---

On Appeal from
The United States Bankruptcy Appellate Panel of the Ninth Circuit,
BAP Case No. CC-22-1089-LSG,
Hon. Scott H. Gan, Hon. William J. Lafferty, III, and Hon. Gary A. Spraker;
United States Bankruptcy Court for the Central District of California, Santa Ana,
Bankruptcy Case No. 8:20-bk-13335-SC, Hon. Scott C. Clarkson,
(Formerly Case No. 8:20-bk-13335-MW, Hon. Mark S. Wallace, retired).

---

**APPELLANT VITAMIN ONLINE, INC'S OPPOSITION TO APPELLEE HEARTWISE, INC.'S MOTION TO DISMISS APPEAL FOR LACK OF PROSECUTION PURSUANT TO NINTH CIRCUIT RULE 42-1**

---

Douglas A. Plazak (Cal. Bar No. 181709)
REID & HELLYER
3685 Main Street, Suite 300
Riverside, CA 92501
Phone: (951) 682-1771
Fax: (951) 686-2415
Email: dplazak@rhlaw.com

Chad E. Nydegger
WORKMAN NYDEGGER PC
60 E. South Temple, Suite 1000,
Salt Lake City, UT 84111
Phone: (801) 533-9800
Fax: (801) 328-1707
Email: cnydegger@wnlaw.com

*Counsel for Petitioner Vitamins Online, Inc.*

Appellant Vitamins Online, Inc. ("VOL") hereby opposes *Motion To Dismiss Appeal For Lack Of Prosecution Pursuant To Ninth Circuit Rule 42-1* (the "Motion") [Dkt. No. 24] filed by Appellee Heartwise, Inc. ("Heartwise") in this appeal (the "Appeal") [Case No. 22-60060].

**ARGUMENT**

On March 20, 2023, VOL filed a motion for summary disposition in this Appeal pursuant to Circuit Rule 3-6. VOL argued that the bankruptcy court lacked subject-matter jurisdiction of the proceeding commenced by Appellee Magleby Cataxinos & Greenwood, P.C. ("MCG") and, therefore, its orders should be vacated, and the case remanded back to the bankruptcy court with instructions to dismiss the proceeding.

On April 20, 2023, a two-judge motions panel of this Court denied VOL's motion "without prejudice to renewing the arguments in the opening brief." Dkt. No. 21. Although "jurisdiction" implicates a court's "power to hear a case" and federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y H Corp.*, 546 U.S. 500, 501-02 (2006), the motions panel's order required VOL to file its opening brief for the merits panel to hear the Appeal before conclusively determining it had jurisdiction. In other words, the order required the party asserting this Court has no power to hear a case to file a brief so the merits panel could hear the case; this would have the effect of the

1

merits panel exercising jurisdiction to hear the Appeal *before* it was conclusively determined that this Court had jurisdiction to hear the Appeal. Additionally, the order creates another problem for the Appellant because the bankruptcy court's final decision in the proceeding below was abstention under 28 U.S.C. § 1334(c)(1), and appellate review of that decision under 28 U.S.C. §§ 158(d), 1291, and 1292 is expressly prohibited under 28 U.S.C. § 1334(d).

On May 26, 2023, Heartwise filed the Motion requesting this Appeal be dismissed for lack of prosecution. However, Heartwise lacks standing in this Appeal because it failed to establish how it would be pecuniarily affected by an order regarding the disbursement of funds from the bankruptcy court, which the bankruptcy court deemed a "two-party dispute" that had no impact on Heartwise. On the issue of standing and jurisdiction, Heartwise bears the burden of proof and production but made no attempt to establish its own standing in this Appeal, and this Court's jurisdiction to entertain *its* Motion.

The Motion requests the type of relief listed under Ninth Circuit Rule 27-11(a)(1)—dismissal. Thus, pursuant to Circuit Rule 27-11(a), the Motion "shall stay the schedule for record preparation and briefing pending the Court's disposition of the motion."

### This Court cannot grant the Motion until it finally determines the issue of subject-matter jurisdiction and Heartwise's Article III standing

This Court has "a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts ... " *Bender v. Williamsport Area School Dist*, 475 U.S. 534 (1986). "The requirement that jurisdiction be established as a threshold matter...... is ***inflexible and without exception***." *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 95 (1998) (citing *Mansfield, C. L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (cleaned up) (emphasis added). Although the motions panel of this Court denied VOL's motion for summary disposition seeking dismissal of this appeal and the proceeding for lack of subject-matter jurisdiction, that decision is interlocutory because this Court has not yet made a *final* determination of whether it and the bankruptcy court had subject-matter jurisdiction of the proceeding below. *United States v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986) ("While the motions panel was presented with the merits of the jurisdictional issue in this case, we do not consider their denial of [a party's] motion to dismiss the appeal to have foreclosed our ultimate reconsideration and disposition.")

As the movant seeking relief from this Court, Heartwise has the burden to establish that this Court has subject-matter jurisdiction to entertain its Motion, and that Heartwise has Article III standing to invoke this Court's jurisdiction for the relief it seeks. However, in its Motion, Heartwise has failed to state the basis for

3

invoking this Court's jurisdiction and how it has Article III standing. Even if Heartwise has general standing in the bankruptcy court, it still has to demonstrate the ***extent*** of its standing. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 888 (9th Cir. 2012) ("Having determined that Appellants met statutory ("party in interest"), constitutional ( *Lujan* Article III test), and prudential ("zone of interests") standing requirements, ***we next consider the extent of their standing in bankruptcy court.*** ") (emphasis added).

Additionally, this Court routinely dismisses appeals for lack of jurisdiction where the court below permissively abstains under 28 U.S.C. § 1334(c)(1). VOL cannot seek appellate review of that decision by the Ninth Circuit because the ***statute expressly prohibits*** it. 28 U.S.C. § 1334(d) ("Any decision to abstain or not to abstain made under subsection (c) . . . is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title…")

- *Matter of Christensen*, 182 F.3d 924, 924 n.3 (9th Cir. 1999) ("In 1994, Congress amended § 1334 by providing, among other things, that discretionary decisions to abstain are no longer subject to appellate review. *See* 28 U.S.C. § 1334(d).").
- *In re Stroh*, 34 F. App'x 562, 564 (9th Cir. 2002) ("We lack jurisdiction [] because we cannot review the bankruptcy court's discretionary decision under § 1334(c)(1).").
- *In re Labankoff*, 472 F. App'x 728 (9th Cir. 2012) (same).
- *Pineda v. Bank of America NA*, 601 F. App'x 505, 2 (9th Cir. 2015) (same).

4

If this Court determines that the bankruptcy court lacked jurisdiction, controlling precedents hold that this Court's jurisdiction is also limited to noting the jurisdictional defect, vacating the orders below, and dismissing the cause. *See, e.g., Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 84 (1998) (holding that "without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit."); *United States v. Corrick*, 298 U.S. 435 (1936) (holding that when a lower court lacks jurisdiction, the appellate courts "have jurisdiction . . . merely for the purpose of correcting the error of the lower court in entertaining the suit."). The Court cannot dismiss this appeal for lack of prosecution because such a dismissal "operates as an adjudication on the merits." Federal Rules of Civil Procedure 41(b).

"On every writ of error or appeal, ***the first and fundamental question is that of jurisdiction***, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 95 (1998) (citation omitted). Thus, the Court cannot grant the Motion without determining it has subject-matter jurisdiction. If it does not, its jurisdiction is limited to vacating the orders below and remanding with instructions to dismiss the proceeding.

**CONCLUSION**

The Motion fails to recognize that VOL cannot file its opening brief challenging the bankruptcy court's decision to abstain under 28 U.S.C. § 1334(c)(1) because 28 U.S.C. § 1334(d) expressly prohibits appellate review. Additionally, this Court cannot grant the Motion until it determines subject-matter jurisdiction and Heartwise's Article III standing. Accordingly, VOL respectfully requests that the Court to deny the Motion.

Respectfully submitted,

Dated: June 5, 2023                /s/ Douglas A. Plazak

Douglas A. Plazak
Chad E. Nydegger
*Attorneys for Vitamins Online. Inc.*